## MULFORD v. BAMBERGER ELECTRIC R. CO.

No. 4811.   Decided May 17, 1930.   (287 P. 929.)

*Willard Hanson* and *A. H. Hougaard,* both of Salt Lake City, for respondent.

*Irvine, Skeen & Thurman,* of Salt Lake City, for respondent.

CHERRY, C. J.

This is an action to recover damages for personal injuries resulting from alleged negligence. From a verdict and judgment for defendant the plaintiff appeals, contending that the court erred at the trial by refusing to give certain requested instructions and by giving others to the jury.

The plaintiff's case, as alleged in his complaint and as supported by his proof, was that on November 6, 1927, he purchased a ticket for his transportation over defendant's electric railroad from Ogden to Salt Lake City, and, while in the act of boarding a car while it was stopped and standing at a regular stopping place for receiving passengers, the motorman in charge of the car carelessly and negligently closed the door of the car and caught the plaintiff's finger in a fold or joint of the door and injured it. The defense was that the plaintiff's injury was caused by his own negligence. It was alleged in the answer, and testified to by several witnesses, that the car had stopped at the usual place for receiving passengers and had started again, and, while moving away, the plaintiff ran after it, and, in attempting to board it, sustained the injury complained of.

The plaintiff introduced his evidence in chief and rested his case. The defendant thereupon produced its evidence, and the plaintiff offered evidence in rebuttal. When the

evidence was all in, and before the jury was instructed, the plaintiff tendered to the court certain special instructions in writing and numbered which he requested the court to give to the jury. The court refused to consider them for the reason that a rule of the district court required requests in civil cases to be presented "at the close of the evidence for the plaintiff." The refusal of the court to consider the requests for particular instructions is complained of by appellant who contends that the rule of the district court requiring them to be presented at the close of the evidence for the plaintiff, as interpreted and applied in this case, is in conflict with the statute and therefore invalid.

Comp. Laws Utah 1917, § 6803, provides:

"Either party may, before the court has instructed the jury, or later by consent of the court, ask special instructions, which shall be in writing and numbered, and the court must either give such instructions as requested or refuse to do so, or give the instrutions with modifications. Those refused shall be so marked; those modified shall be marked in such manner as clearly to point out the changes therein by words indicating the same."

The propriety of special instructions depends, in a large measure, upon the evidence adduced by the opposing parties, and until the evidence is all in it cannot well be determined what special instructions are necessary or appropriate. The right to ask instructions is important to litigants. The practice is calculated to aid in the administration of justice and ought not to be discouraged or unduly restricted. The statute expressly defines the right, and, in our opinion, quite plainly prescribes the time when it may be exercised. The language of the statute that "either party may, before the court has instructed the jury, or later by consent of the court, ask special instructions," according to ordinary standards of construction, means that the instructions may be asked at any time before the court has instructed the jury, without the consent of the court. We conclude that a rule requiring the plaintiff to ask special instructions before the evidence of the defendant is in is

unfair and unreasonable and in conflict with the statute and therefore invalid. *Odegard* v. *North Wisconsin Lumber Co.*, 130 Wis. 659, 110 N. W. 809.

It remains to be determined whether the error of the trial court in refusing to consider or give the special instructions asked is of sufficient consequence to justify a reversal of the judgment. Under the pleadings and the evidence, the main question was whether the plaintiff's finger was injured when he was boarding the car while it was stopped, as claimed and testified to by the plaintiff's witnesses, or whether the injury occurred after the plaintiff ran after and attempted to board the car while it was moving away from the stopping place, as claimed and testified to by the defendant's witnesses.

Upon the question of liability, the court in its charge stated the issue as made by the pleadings and instructed that before the plaintiff was entitled to recover he must prove that the defendant was negligent in one or more of the particulars charged in the complaint as negligence. A separate charge was given that "no presumption of negligence arises from the happening of the accident to the plaintiff, and neither is the mere happening of the accident any evidence of negligence on the part of the defendant." By further instructions it was stated that "negligence is the failure to do what a reasonably prudent person would ordinarily have done under the circumstances of the situation, or doing what such person under such existing circumstances would not have done. The essence of the fault may lie in acting or omitting to act. The duty is dictated and measured by the exigencies of the occasion;" and that "ordinary care implies the exercise of reasonable diligence, and implies such watchfulness, caution and foresight as under all the circumstances of the particular case would be exercised by a reasonably careful prudent person." The case was thus submitted on the theory that the defendant was liable only for the lack of ordinary care and a warning given that the happening of the accident created

no presumption and was no evidence of negligence. The plaintiff's case was based upon the theory that under the circumstances the defendant was bound to exercise the highest degree of care for the plaintiff's safety, consistent with the practical operation of its car and that the happening of the accident, as claimed and testified to by the plaintiff and his witnesses, amounted to proof of negligence. The plaintiff asked two special instructions relating to the subject of liability and negligence. One of them was to the effect that if the facts were as alleged by the plaintiff (stating them) it was the duty of defendant's motorman to have observed the plaintiff before closing the door, and that if he closed the door at the time and under the circumstances as alleged by plaintiff he was guilty of negligence, and the verdict should be for the plaintiff. The other was to the effect that if the facts were as claimed by plaintiff, the plaintiff was a passenger on the car and the duty of the motorman was to exercise the highest degree of care, etc., for plaintiff's safety, and if the motorman closed the door and injured the plaintiff's finger as testified to by plaintiff, the verdict should be for the plaintiff. The matters suggested by the requested instructions went to the heart of the controversy. The only question of fact in dispute concerning liability was the particular manner in which the plaintiff was injured. The plaintiff's witnesses testified that it occurred as the plaintiff was boarding the car while the car was standing still for receiving passengers. The defendant furnished proof that the car stopped at the usual stopping place and started again; that a belated passenger, named Vaughn, called from the sidewalk to the motorman and ran to the car; that the motorman slowed the car down and opened the door for Vaughn who boarded the car; that the plaintiff, following closely behind Vaughn, reached his hand towards the door to enter the car when the door was closed upon his finger. The situation was such as to peculiarly call for a correct definition of the degree of care which the defendant was bound to exercise

for the safety of the plaintiff, and it is not disputed that under the plaintiff's theory of the facts the defendant was bound to exercise a high degree of care to avoid injuring the plaintiff. The case went to the jury upon the proposition that the defendant was liable only for the lack of ordinary care. This was not the correct test of its liability. The failure to give the requested instructions, or to otherwise instruct the jury correctly upon the law relating to the duty and liability of the defendant, constituted substantial error.

The judgment is reversed, and a new trial granted, with costs to appellant.

STRAUP, ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.